UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID J. DRUCKMAN,

                              Plaintiff,

                    -v-

PETER MORGENSTERN, P.MORGENSTERN LLC,
and BUTZEL LONG, P.C.,

                              Defendants.

26 Civ. 993 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendants Peter Morgenstern and P.Morgenstern LLC (the "Morgenstern defendants")

and Butzel Long, P.C. ("Butzel Long") have moved to dismiss plaintiff David J. Druckman's

Complaint. Dkts. 16–18, 22–25. They now ask the Court to stay discovery, pending resolution

of those motions. Dkt. 29. Druckman opposes a stay. Dkt. 26. For the following reasons, the

Court stays discovery, pending resolution of the motions to dismiss.

I.     **Background**

The Court assumes familiarity with this case, in which Druckman seeks compensation for

his alleged work, between 2009 and 2016, for the Morgenstern defendants on lawsuits on behalf

of victims of a Ponzi scheme by Stanford International Bank and others (the "Stanford

lawsuits"). *See* Dkt. 1-1 ("Compl.") ¶¶ 1–2. The Complaint brings 10 common-law causes of

action against the Morgenstern defendants, to wit: (1) breach of contract; (2) breach of implied

contract; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud; (5) breach

of fiduciary duty; (6) accounting; (7) unjust enrichment; (8) quantum meruit; (9) promissory

estoppel; and (10) services rendered. *Id.* ¶¶ 172–231. It names Butzel Long as an additional

defendant in the causes of action for unjust enrichment and quantum meruit. *Id.* ¶¶ 207–20.

On March 9, 2026, the Morgenstern defendants moved to dismiss the Complaint in its entirety and to strike certain allegations in it, Dkts. 19–24, and Butzel Long moved to dismiss the two claims against it, Dkts. 16–18.  The same day, the defendants moved to stay discovery, pending resolution of those motions.  Dkt. 26.  On March 13, 2026, the Court directed Druckman to file an amended complaint or oppose the motions by April 29, 2026.  Dkt. 33.  On March 18, 2026, the Court held an initial conference, at which it took up issues concerning the scope of discovery here and the motion to stay.

## II.    Applicable Legal Standard

A motion to dismiss does not automatically stay discovery.  *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).  But, under Federal Rule of Civil Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause.  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay."  *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted).  The party seeking a stay bears the burden of demonstrating good cause.  *Id.*

## III.    Discussion

All three of the above factors favor a stay here.

First, on the limited and preliminary review appropriate to evaluating a stay application, defendants have made a substantial showing that at least several of the 10 causes of action in the Complaint fail to state a claim, under Rule 12(b)(6).  For example, the Complaint alleges that Druckman "entered into an oral contract with Morgenstern, . . . in which Morgenstern agreed to

pay [him] a percentage of legal fees based on work" related to the Stanford lawsuits.  Compl. ¶ 173.  But a complaint does not adequately plead the existence of a contract—written or oral— unless it alleges facts regarding, *inter alia*, "the formation of the contract, the date it took place, and the contract's major terms."  *Lamda Sols. Corp. v. HSBC Bank USA, N.A.*, 574 F. Supp. 3d 205, 213 (S.D.N.Y. 2021).  And a binding contract requires "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms," *Express Indus. & Terminal Corp. v. N.Y. Dep't of Trans.*, 93 N.Y.2d 584, 589 (1999), which include those covering the duration of the agreement, the manner in which the parties to it must perform, and compensation specifics.  On the Court's preliminary review, the Complaint does not appear to allege these necessary details.  *See, e.g.*, *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 521 (S.D.N.Y. 2017) (oral promises between lawyers to "work together cooperatively" on cases and "benefit from their respective contingency fee" was "too vague to enforce").  The implied-contract claim is subject to the same challenge for lack of definiteness. *See Soley v. Wasserman*, 823 F. Supp. 2d 221, 231 (S.D.N.Y. 2011).  And "there can be no covenant of good faith and fair dealing"—and thus no breach of such—"where there is no contract."  *Lakeville Pace Mech., Inc. v. Elmar Realty Corp.*, 714 N.Y.S.2d 338, 342 (2d Dep't 2000).  As to the fraud claim, defendants have a substantial argument that the Complaint does not adequately allege non-conclusory facts supporting the elements of false representation and intent to defraud.  *See May Dep't Stores Co. v. Int'l Leasing Corp.*, 1 F.3d 138, 141 (2d Cir. 1993).

These are preliminary assessments.  But, relevant to the motion to stay discovery, defendants have made a sufficient initial showing that the above claims are at substantial risk of

dismissal.  Even if other claims were to survive, the dismissal of these would likely significantly reduce the scope of discovery.

Second, the scope of anticipated discovery and the burdens it would entail favor a stay. As the Court elicited from counsel during the March 18 conference,[1] the parties anticipate that the discovery here will include sizable volumes of physical and electronic documents held by multiple custodians; legal records related to multiple complex Stanford lawsuits; and potential information held by witnesses in Central and South America.  The time period for which discovery is likely to be sought is also lengthy: between 2009 (when Druckman began working under the ostensible agreement, Compl. ¶ 2) through at least 2024 (when he claims he learned of legal fees paid to the defendants in Stanford lawsuit settlements, *id.* ¶ 88).  The motions to dismiss, even if they prune rather than eliminate the claims in the Complaint, have the capacity to meaningfully reduce the scope of discovery.  A discovery stay therefore stands to conserve the parties' resources.

Third, Druckman has not shown a risk of unfair prejudice from a relatively brief stay pending resolution of the motions.  He argues that "each passing day risks faded memories and lost documents."  Dkt. 30 at 2.  But the mere passage of time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery," *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).  And, at the March 18 conference, the parties represented that they have taken adequate measures to preserve all relevant information in their possession or control, thus mitigating the risks that physical evidence will become unavailable.

---

[1] The Court draws the following account from notes taken during the conference, which was not attended by a court reporter.

All three factors thus favor a stay of discovery pending resolution of the motions to dismiss. Defendants have therefore shown good cause for the stay. *See, e.g.*, *Gastineau*, No. 25 Civ. 2041 (PAE), 2025 WL 2733155, at *2–3 (S.D.N.Y. Sept. 24, 2025) (granting stay of discovery pending motion to dismiss where all three factors favored stay); *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (same); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same).

## CONCLUSION

For the reasons above, the Court grants defendants' motion for a stay of discovery pending their motions to dismiss. The Clerk of Court is respectfully directed to terminate the pending motion at docket 26.

At the March 18 conference, Druckman's counsel stated that Druckman did not intend to amend the Complaint, notwithstanding the pending motions to dismiss. On that premise, Druckman's opposition is due April 29, 2026 and defendants' replies, if any, are due May 13, 2026. After resolving the motions, the Court intends, if any claims remain, to (1) schedule a conference within approximately two weeks, and (2) direct the parties to file an updated status letter and revised proposed case management plan, due one week before that conference.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 20, 2026
       New York, New York

5